UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MYRON A. GLADNEY,

               Petitioner,

                                   Case No. 21-cv-606-pp

   v.

WILLIAM POLLARD,

               Respondent.

**ORDER DISMISSING *HABEAS* PETITION AS UNAUTHORIZED SECOND OR SUCCESSIVE PETITION (DKT. NO. 1); DENYING AS MOOT PETITIONER'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2); DENYING AS MOOT PETITIONER'S MOTION TO AMEND PETITION FOR WRIT OF *HABEAS CORPUS* PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE ("FRCP") 15 (DKT. NO. 8); DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

On May 14, 2021, the petitioner, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 1996 conviction in Milwaukee County Circuit Court for first-degree intentional homicide. Dkt. No. 1; see also State v. Gladney, Milwaukee County Case No. 96CF964194 (available at https://wcca.wicourts.gov). With the petition, the petitioner filed a motion to proceed without prepaying the $5.00 filing fee. Dkt. No. 2. Three weeks later, the petitioner filed a "Motion to Amend Petition for Writ of Habeas Corpus Pursuant to Federal Rule of Civil Procedure ("FRCP") 15." Dkt. No. 8.

This order screens the petition, dismisses it as an unauthorized second or successive petition, denies as moot the petitioner's motion to proceed

1

without prepaying the filing fee, denies as moot the petitioner's motion to amend his petition, declines to issue a certificate of appealability and dismisses the case.

## I.    Background

### A.    Underlying State Case

The petition refers to Milwaukee County Criminal Case "F-964194." Dkt. No. 1 at 2. The court has reviewed the publicly available docket for that case. See State v. Gladney, Milwaukee County Case No. 96CF964194 (available at https://wcca.wicourts.gov). It shows that on December 19, 1996, the court entered the judgment of conviction. Id.

### B.    Gladney v. Pollard, Case No. 13-cv-805-WCG

On July 17, 2013, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his conviction in Milwaukee County Case No. "F-964194." Gladney v. Pollard, Case No. 14-cv-805-WCG (E.D. Wis.), Dkt. No. 1 at 1-2. The petition asserted two grounds for relief: ineffective assistance of counsel and actual innocence. Id. at 6-7. On August 6, 2013, Judge William C. Griesbach ordered the petitioner to show cause why his petition was not time-barred. Dkt. No. 1. A month later, Judge Griesbach concluded that the petition was untimely by more than a decade, dismissed it and denied a certificate of appealability. Dkt. No. 12. Judge Griesbach reasoned that the petitioner's conviction became final on January 12, 1999 and that his one-year limitations period expired on January 12, 2000. Id. at 2. He determined that

neither statutory nor equitable tolling applied. Id. at 2-5. Judge Griesbach also found both of the petitioner's claims meritless. Id. at 5.

On September 27, 2013, the petitioner appealed the dismissal of his petition. Dkt. No. 14. On March 20, 2014, the Seventh Circuit Court of Appeals granted a certificate of appealability. Dkt. No. 28. Seventeen months later, it affirmed Judge Griesbach's decision. Dkt. No. 30-1. The court noted that even if the petitioner had prevailed on his tolling argument, his petition would have been untimely. Id. at 2. And the court found the petitioner's actual innocence argument "not persuasive." Id.

C.    Instant *Habeas* Petition (Dkt. No. 1)

On May 14, 2021, the petitioner filed the instant *habeas* petition challenging his conviction in Milwaukee County Case No. 96CF964194. Gladney v. Pollard, Case No. 21-cv-606 (E.D. Wis.), Dkt. No. 1. The petition asserts that "[t]he Wisconsin Court of Appeals, District 1, violated the Due Process Clause of the Fourteenth Amendment when it 'arbitrarily and capriciously' applied state and federal law on lesser-included offense instructions to the facts of petitioners case." Id. at 6.

## II.    Analysis

Usually, the court must "screen" a §2254 petition under Rule 4 of the Rules Governing Section 2254 Cases, which states that

> [i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A district court must allow a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief. At the screening stage, a district court expresses no view as to the merits of any of the petitioner's claims. Rather, it reviews the petition and exhibits to determine whether the petitioner alleges that he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).

But the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a district court is not required to screen certain petitions. AEDPA says that a federal district court need not entertain an inquiry into the legality of a petitioner's detention if a federal court already has determined the legality of that detention in a prior application for writ of *habeas corpus*. 28 U.S.C. §2244(a). AEDPA requires petitioners who wish to file a "second or successive" federal *habeas* petition to first obtain authorization from the federal court of appeals before filing the petition in the district court. 28 U.S.C. §2244(b)(3)(A). "Section 2244(b)(3)(A) 'is an allocation of subject matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for the filing.'" In re Page, 170 F.3d 659, 661 (7th Cir. 1999) (quoting Nuñez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in Page)).

As the Seventh Circuit has explained, not every petition that a petitioner previously filed constitutes a prior application for the purposes of §2244(b). Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003). The Seventh Circuit does

not count "previous petitions that were dismissed for technical or procedural deficiencies that the petitioner can cure before refiling." Id. Such petitions include those "dismissed because the petitioner filed in the wrong district," id. (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999)), those in which the petitioner failed to pay the filing fee, id. (citing Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996)), and those dismissed as premature, id. (citing Slack v. McDaniel, 529 U.S. 473, 485-86 (2000)). But prior petitions dismissed as untimely "or that have been denied based on a procedural default . . . do count as prior petitions because the petitioner is incapable of curing the defect underlying the district court's judgment." Id. (citing In re Cook, 215 F.3d 606, 608 (6th Cir. 2000)).

In Case No. 13-cv-805-WCG, the petitioner challenged his conviction in Milwaukee County Case No. 96CF964194 through a petition for writ of *habeas corpus* under 28 U.S.C. §2254. Gladney v. Pollard, Case No. 13-cv-805-WCG (E.D. Wis.), Dkt. No. 1. Judge Griesbach dismissed the petition as untimely and meritless, and denied a certificate of appealability. Dkt. No. 12. This is the petitioner's second petition challenging his conviction in Milwaukee County Case No. 96CF964194, making it a "second or successive" petition. The petitioner has not provided the court with evidence that the Seventh Circuit Court of Appeals authorized him to file a successive petition, which means that this court has no jurisdiction to consider it.

### III. Petitioner's Motion to Proceed Without Prepaying Filing Fee (Dkt. No. 2)

The petitioner asked the court to allow him to proceed without prepaying the $5.00 filing fee for filing a *habeas* petition. 28 U.S.C. § 1914(a). Dkt. No. 2. Because the court is dismissing the case, it will deny the motion as moot.

### IV. Petitioner's "Motion to Amend Petition for Writ of Habeas Corpus Pursuant to Federal Rule of Civil Procedure ("FRCP") 15" (Dkt. No. 8)

On June 3, 2021, the petitioner filed a motion asking to add an equal protection claim to his petition under Fed. R. Civ. P. 15. Dkt. No. 8 at 1. Because the court has concluded that the petition is an unauthorized second or successive petition, the court will deny the motion as moot.

### V. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petitioner should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotations omitted). The court declines to issue a certificate of appealability, because it finds that reasonable jurists could not debate that the petition is a second or

successive petition and that the petitioner filed it without obtaining authorization from the Seventh Circuit Court of Appeals.

## VI. Conclusion

The court **DISMISSES** the petition for writ of *habeas corpus* as an unauthorized second or successive petition. Dkt. No. 1.

The court **DENIES AS MOOT** the petitioner's motion to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES AS MOOT** the petitioner's "Motion to Amend Petition for Writ of Habeas Corpus Pursuant to Federal Rule of Civil Procedure ("FRCP") 15." Dkt. No. 8.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 21st day of June, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**