UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MYRON A. GLADNEY,

    Petitioner,

 v.               Case No. 21-cv-606-pp

WILLIAM POLLARD,

    Respondent.

**ORDER GRANTING PETITIONER'S MOTION TO RECONSIDER/AMEND (DKT. NO. 11), VACATING ORDER AND JUDGMENT (DKT. NOS. 9, 10), SCREENING *HABEAS* PETITION (DKT. NO. 1), DISMISSING PETITION, DISMISSING CASE WITH PREJUDICE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

  On June 21, 2021, the court dismissed the petitioner's *habeas* petition as a second or successive petition that the Seventh Circuit had not authorized him to file, denied as moot his motions to proceed without prepaying the filing fee and to amend his petition, dismissed the case and declined to issue a certificate of appealability. Dkt. No. 9. Two weeks later, the court received from the petitioner a "Motion to Reconsider/Amend June 21st, 2021 Order Dismissing Petitioners Habeas Petition as an Unauthorized Second or Successive Petition." Dkt. No. 11. This order grants the motion to reconsider, vacates the order dismissing the case and the corresponding judgment, screens the petition under Rule 4 of the Rules Governing Section 2254 Cases, dismisses the petition, dismisses the case with prejudice and declines to issue a certificate of appealability.

1

I.  **Background**

On May 14, 2021, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 1996 conviction in Milwaukee County Circuit Court for first-degree intentional homicide. Dkt. No. 1.

Five weeks later, the court dismissed the petition. Dkt. No. 9. As the court recounted, Judge Griesbach had dismissed as untimely the petitioner's prior *habeas* petition challenging the same judgment, and the petitioner had not demonstrated that he had obtained the Seventh Circuit's permission to file a second or successive *habeas* petition. Id. at 5. The court explained that for those reasons, it lacked jurisdiction to consider his current petition. Id.

In his July 7, 2021 motion to reconsider, the petitioner argues that his claim was not ripe until after Judge Griesbach dismissed his prior *habeas* petition, and therefore that his current petition is not second or successive. Dkt. No. 11 at 3-4.

II. **Petitioner's "Motion to Reconsider/Amend June 21st, 2021 Order Dismissing Petitioners Habeas Petition as an Unauthorized Second or Successive Petition" (Dkt. No. 11).**

A.  Standards

"[T]he Federal Rules of Civil Procedure do not expressly recognize a 'motion to reconsider.'" United States v. Roth, No. 10 Misc. 001, 2010 WL 1541343, at *2 (E.D. Wis. April 19, 2010). Courts in the Seventh Circuit, however, generally apply the standards of Rule 59(e) or Rule 60(b) to such motions. Washington Frontier League Baseball, LLC v. Zimmerman, No. 1:14-cv-01862-TWP-DML, 2016 WL 4798988, at *1 (S.D. Ind. Sept. 14, 2016). Rule

2

Case 2:21-cv-00606-PP   Filed 03/30/22   Page 2 of 12   Document 12

59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Rule 60(b) is available where a movant files within a "reasonable amount of time" after final order and judgment. Fed. R. Civ. P. 60(b).

"Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1986)). Such a motion "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to [the decision to be reconsidered]." Woods v. Resnick, 725 F. Supp. 2d 809, 825 (W.D. Wis. July 16, 2010) (quoting United States v. Resnick, 594 F.3d 562, 568 (7th Cir. 2010)).

"Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact." Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). Under Rule 59(e), "[a] 'manifest error' is not demonstrated by the disappointment of the losing party;" it "is the 'wholesale disregard, misapplication or failure to recognize controlling precedent.'" Bilek v. Am. Home Mortg. Servicing, No. 07 C 4147, 2010 WL 3306912 at *1 (N.D. Ill. Aug.

3

19, 2010) (quoting Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000)). "Newly discovered evidence" is evidence that was "not available at the time of briefing." Katz-Crank v. Haskett, No. 1:13-cv-00159-TWP-DML, 2014 WL 3507298, at *2 (S.D. Ind. July 14, 2014). "Newly discovered evidence" is evidence that was discovered after the trial or decision that is material, not merely cumulative or impeaching and such that a new trial probably would result. Cincinnati Life. Ins. V. Beyrer, 722 F.3d 939, 955 (7th Cir. 2013) (citation omitted).

Rule 60(b) allows a party to seek relief from an "order" for any of six enumerated reasons, including mistake, inadvertence, newly discovered evidence, fraud or any other reason that justifies relief. Fed. R. Civ. P. 60(b).

B. Application

In dismissing the petition as second or successive, the court understood the petition to challenge the petitioner's conviction in State v. Myron A Gladney, Milwaukee County Case No. 1996CF964194 (available at https://wcca.wicourts.gov). Dkt. No. 9 at 5. The petitioner cited that conviction in the "SUBJECT OF THIS PETITION" section of the petition. Dkt. No. 1 at 2. In the "GROUNDS FOR RELIEF" section, the petitioner stated a single ground: that "[t]he Wisconsin Court of Appeals, District I, violated the Due Process Clause of the Fourteenth Amendment when it 'arbitrarily and capriciously' applied state and federal law on lesser-included offense instruction to the facts of the petitioner's case." Id. at 6. In the section for supporting facts, the

petitioner stressed errors that he alleged had occurred during his trial and on direct appeal:

> On August 29, 1997, appellate counsel, James R. Lucius submitted a brief for the petitioner raising three claims, namely, that the trial court imposed an excessive sentence, the trial court erred in failing to instruct the jury as to the lesser-included offense of first-degree reckless homicide and second-degree reckless homicide as requested by the defendant and that the trial court erred in giving the falsus in uno instruction to the jury.
>
> Despite the second claims reliance on the trial evidence, appellate counsel failed to submit a statement of facts which the petitioner for the first-time will provide below:
>
> At the evidentiary phase of the trial the evidence disclosed that on or about August 2, 1996, Christopher Wilson "armed robbed [the petitioner] and four others during a dice gambling game."
>
> Approximately a week after the armed robbery, [the petitioner] ran across Wilson at the Capital Court shopping mall where Wilson told [the petitioner] that "he would get the money back," and that "the robbing wasn't intended for [the petitioner]."
>
> [The petitioner] testified that on the day of the affray he "picked up Brian Bridges," and partook in "driving around. . . killing time. . . until he had to pick his mother up at 12:30."

Id. at 6-7.

Pages eight through twenty-four continued the petitioner's factual recitations supporting his ground for relief. Id. at 8-24. He described shooting Christopher Wilson and the surrounding circumstances. Id. at 8. The petitioner recounted the trial, the appeal, and the errors that he believed occurred. Id. at 8-11. The petitioner conceded that he had challenged his conviction through a prior federal *habeas* petition. Id. at 26-28. For relief, the petitioner asked the court to "[e]nter an order fully reinstating [his] right to pursue a direct appeal

5

under Wis. Stat. (Rule) 809.30 in State v. Gladney, Milwaukee County Case No. F-964194." Id. at 29.

For those reasons, the court concluded that the petition was a second or successive petition challenging the same conviction that the petitioner had challenged in his prior federal *habeas* petition before Judge Griesbach. The court explained the law governing second or successive *habeas* petitions, and why the court was unable to grant the petitioner his requested relief:

> [T]he Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a district court is not required to screen certain petitions. AEDPA says that a federal district court need not entertain an inquiry into the legality of a petitioner's detention if a federal court already has determined the legality of that detention in a prior application for writ of *habeas corpus*. 28 U.S.C. §2244(a). AEDPA requires petitioners who wish to file a "second or successive" federal habeas petition to first obtain authorization from the federal court of appeals before filing the petition in the district court. 28 U.S.C. §2244(b)(3)(A). "Section 2244(b)(3)(A) 'is an allocation of subject matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for the filing.'" In re Page, 170 F.3d 659, 661 (7th Cir. 1999) (quoting Nuñez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in Page)).

Dkt. No. 9 at 4.

The petitioner now argues that he is entitled to reconsideration. Dkt. No. 11 at 1. He asserts that when the court dismissed the petition as an unauthorized second or successive petition, the court "misapprehend[ed] the facts and position of petitioner's claim." Id. at 1-2. The petitioner states that not every petition second or successive in time to a prior petition counts as second or successive under AEDPA. Id. at 2 (citing Panetti v. Quarterman, 551 U.S. 930, 944 (2007)). He argues that this court failed to "distinguish[] whether

6

or not petitioners claim was ripe or unripe for purposes of 'second or successive' classification." Id. at 3. He contends that his claim—that the Wisconsin Court of Appeals' denial of his state *habeas* petition was so arbitrary and capricious that it constituted a due process violation—was not ripe until after the denial of his first federal *habeas* petition, and therefore that his current petition is not second or successive. Id. at 3-4 (citing Flores-Ramirez v. Foster, 811 F.3d 861, 863-65 (7th Cir. 2016)).

Conceding that "the Constitution does not guarantee any post conviction process," id. at 5 (citing Murray v. Giarratano, 492 U.S. 1, 10 (1989), the petitioner asserts that "once a state chooses to institute any post conviction process it must operate those proceedings in concert with the protections of the Due Process Clause," id. at 5-6 (citing Goldberg v. Kelly, 397 U.S. 254, 262 (1970)). The petitioner concludes that the Wisconsin Court of Appeals "ran afoul of the Due Process and Equal Protection Clause's [sic] of the Fourteenth Amendment . . . when it applied 'arbitrarily and capriciously' the law on submitting requested lesser included jury instructions to the jury in denying petitioner's ineffective assistance of appellate counsel claim." Id. at 6. He says the court of appeals' "application of the law on the submission of the lesser-included jury instructions for first-degree reckless homicide and second-degree reckless homicide was clearly untenable and/or arbitrary and capricious." Id.

The court will grant the petitioner's motion for reconsideration. As the court has explained, its dismissal was based on the petitioner's arguments asserting errors during his trial and on direct appeal. To the extent that the

7

petition in this case petition asserts constitutional errors that occurred during the petitioner's trial and on direct review, the court's conclusion has not changed—that challenge is second and successive. But the petitioner argues that he also intended to challenge what occurred in the court of appeals on collateral review. And in his petition, the petitioner did explain why he believes this renders his second-in-time petition not second or successive within the meaning of AEDPA. Dkt. No. 1 at 11-14.

While a petitioner cannot circumvent AEDPA's bar against second or successive *habeas* petitions through a superficial recharacterization of a claim, the court will take the opportunity on reconsideration to clarify the petitioner's claim and the bases for the court's decision.

By the petitioner's own admission, he does not challenge his conviction. Instead, he argues that the proceedings in the Wisconsin Court of Appeals that occurred after the denial of his prior federal *habeas* petition violated the Due Process Clause. With that admission, the petitioner correctly notes that his petition is not second or successive. Flores-Ramirez, 811 F.3d at 861, 866. The court will vacate its prior order dismissing the case and the corresponding judgment.

**III.  Rule 4 Screening**

  A.  Standard

Rule 4 of the Rules Governing Section 2254 Proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must

8

Case 2:21-cv-00606-PP   Filed 03/30/22   Page 8 of 12   Document 12

> order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear to the court that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view of the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only the exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B. <u>Analysis</u>

To the extent the petitioner argues that on collateral review the court of appeals violated his rights under the Due Process Clause, the court will deny the petition for failing to state a cognizable *habeas* claim. "It is well established that the Constitution does not guarantee any postconviction process, much less specific rights during a postconviction hearing." <u>Flores-Ramirez</u>, 811 F.3d 861, 866 (citing <u>Murray</u>, 492 U.S. at 10). "[U]nless state collateral review violates some independent constitutional right, such as the Equal Protection Clause, errors in state collateral review cannot form the basis for federal habeas corpus relief." <u>Id.</u> (quoting <u>Montgomery v. Meloy</u>, 90 F.3d 1200, 1206 (7th Cir. 1996)). A state postconviction court violates the Equal Protection Clause when it denies access based on indigency alone. <u>Id.</u>

The petitioner's due process arguments are not a cognizable basis for *habeas* relief. In a conclusory fashion, he says that the court of appeals violated the Equal Protection Clause. Dkt. No. 11 at 6. He makes no attempt to explain how such a violation occurred. He has not satisfied Rule 2(c) of the Rules Governing Section 2254 Cases, which requires a petitioner to "state the facts supporting each ground." The petitioner focuses his arguments on errors that allegedly occurred during his 1996 trial and on direct review, including allegations of ineffective assistance of counsel and the court of appeals' application of state law regarding jury instructions for lesser included offenses. <u>Id.</u>; Dkt. No. 1 at 6-11. His claim amounts to a disagreement with the court of appeals' 2019 decision denying postconviction relief based on those alleged

errors. See Dkt. No. 4 at 4. That disagreement, standing alone, does not constitute a cognizable *habeas* claim because it does not implicate the legality of the petitioner's confinement.

The court will deny the petition and dismiss the case with prejudice.

**IV.     Certificate of Appealability**

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because no reasonable jurist could debate that the petitioner does not present a cognizable *habeas* claim.

**V.     Conclusion**

The court **GRANTS** the petitioner's "Motion to Reconsider/Amend June 21st, 2021 Order Dismissing Petitioners Habeas Petition as an Unauthorized Second or Successive Petition." Dkt. No. 11.

The court **ORDERS** that the June 21, 2021 order of dismissal and the corresponding judgment (dkt. nos. 9, 10) are **VACATED**.

The court **DISMISSES** the petition for writ of *habeas corpus* under 28 U.S.C. §2254 for failing to state a cognizable claim. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 30th day of March, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**