UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MYRON A. GLADNEY,

    Petitioner,

v.

                        Case No. 21-cv-606-pp

WILLIAM POLLARD,

    Respondent.

**ORDER DENYING PETITIONER'S MOTION TO RECONSIDER/AMEND (DKT. NO. 14)**

On March 30, 2022, the court screened the plaintiff's petition under Rule 4 of the Rules Governing Section 2254 Cases, dismissed the petition, dismissed the case with prejudice and declined to issue a certificate of appealability. Dkt. Nos. 12, 13. The petitioner has filed a motion to reconsider/amend the court's March 30, 2022 order. Dkt. No. 14. The court will deny the motion.

**I.    Background**

On May 14, 2021, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 1996 judgment of conviction in Milwaukee County Circuit Court for first-degree intentional homicide. Dkt. No. 1. The court initially dismissed the petition, concluding that Judge Griesbach already had dismissed as untimely the petitioner's prior *habeas* petition challenging the same judgment and the petitioner had not obtained the Seventh Circuit's permission to file a second or successive *habeas* petition.

1

Dkt. No. 9 at 5. The petitioner filed a motion to reconsider, which the court granted after determining that the petitioner was not challenging his conviction, but was arguing that the proceedings in the Wisconsin court of appeals—which occurred *after* the denial of his prior federal *habeas* petition—violated the Due Process Clause. Dkt. No. 12 at 8.

The court screened the petition under Rule 4 of the Rules Governing Section 2254 Cases. The court determined that to the extent the petitioner was arguing that the Wisconsin Court of Appeals had violated his due process rights on collateral review, the petition failed to state a cognizable *habeas* claim. Id. at 10. The court explained that "[i]t is well established that the Constitution does not guarantee any postconviction process, much less specific rights during a postconviction hearing." Id. (quoting Flores-Ramirez v. Foster, 811 F.3d 861, 866 (7th Cir. 2016)). The court noted that errors in state collateral review form the basis of federal *habeas* relief only when the state collateral review violates an independent constitutional right. Id. Recognizing that the petitioner also alleged that the Wisconsin Court of Appeals violated the Equal Protection Clause, the court concluded that the petitioner had made no attempt to explain how such a violation had occurred and consequently had failed to satisfy Rule 2(c) of the Rules Governing Section 2254 Cases, which requires a petitioner to "state the facts supporting each ground." Id.

The court determined that the petitioner's arguments focused on errors that allegedly occurred during his 1996 trial and on direct review, and that his claim amounted to a disagreement with the court of appeals' 2019 decision

denying postconviction relief on those alleged errors. Id. at 10-11. The court explained that the petitioner's disagreement, by itself, did not constitute a cognizable federal *habeas* claim because it did not implicate the legality of the petitioner's confinement. Id. at 11. The court denied the petition, dismissed the case with prejudice and declined to issue a certificate of appealability. Id.

## II. Motion to Reconsider/Amend

### A. Petitioner's arguments

The petitioner argues that the court misapprehended the facts and the petitioner's position when it found that the petitioner's due process claim did not state a ground for relief cognizable on federal *habeas* review. Dkt. No. 14 at 4. The petitioner contends that "the court of appeals . . . conclusion is untenable because it presupposes that the mere existence of a predicate fact which gives rise to a presumption of intent to kill must be found by the trier of fact." Id. The petitioner argues that the court of appeals' decision is not consistent with the Due Process Clause of the Fourteenth Amendment. Id. The petitioner cites to Mullaney v. Wilbur, 421 U.S. 684 (1975) and argues that the mandatory rebuttable presumption that shifts the burden of persuasion to the defendant on the issue of intent is unconstitutional. Id.

The petitioner also argues that that his equal protection claim satisfied Rule 2(c) of the Rules Governing Section 2254 Cases because it "is tied to the common core of operative facts presented in the original petition, facts that the district court identified in its March 30th Order." Id. (citing Dkt. No. 12 at 5). The petitioner contends that his equal protection claim constitutes more than a

3

mere disagreement with the court of appeals' 2019 decision because the decision constitutes "a fundamental defect which inherently resulted in a complete miscarriage of justice, or presents an exceptional circumstance where the need for the remedy afforded by the writ of habeas corpus is apparent." Id. at 9.

B.   Legal Standard

There is no federal rule of civil procedure that provides for motions to reconsider. The Seventh Circuit has held, however, that if a motion "challenges the merits of the district court's decision," the motion "fall[s] under Rule 59(e) or Rule 60(b) . . . ." Mares v. Busby, 34 F.3d 533, 535 (7th Cir. 1994) (quoting United States v. Deutsch, 981 F.2d 299, 300 (7th Cir. 1993)). Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Rule 60(b) is available where a movant files within a "reasonable amount of time" after final order and judgment; depending on the basis of the motion, the moving party must file the motion no later than one year after the judgment or order being challenged. Fed. R. Civ. P. 60(b).

The court entered judgment on March 30, 2022. Dkt. No. 13. The court received the petitioner's motion to reconsider on April 21, 2022; the motion was timely filed under both Rule 59(e) and Rule 60(b).

But "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Ahmed v. Ashcroft, 388 F.3d 247,

249 (7th Cir. 2004) (quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1986)). A motion to reconsider "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to [the decision to be reconsidered]." Woods v. Resnick, 725 F. Supp. 2d 809, 825 (W.D. Wis. July 16, 2010) (quoting United States v. Resnick, 594 F.3d 562, 568 (7th Cir. 2010)).

"Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact." Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1963, 1969 (N.D. Ill. 1997)). "Newly discovered evidence" is evidence that was discovered after the trial or decision that is material, not merely cumulative or impeaching and such that a new trial probably would result. Cincinnati Life. Ins. v. Beyrer, 722 F.3d 939, 955 (7th Cir. 2013) (citation omitted).

Rule 60(b) allows a party to seek relief from an "order" for any of six enumerated reasons, including mistake, inadvertence, newly discovered evidence, fraud or any other reason that justifies relief. Fed. R. Civ. P. 60(b).

5

C.  Analysis

The petitioner has not demonstrated that the court's March 30, 2022 order dismissing his petition arose from or resulted in any manifest error of law or fact. Nor has he demonstrated mistake, inadvertence, newly discovered evidence, fraud or any reason that would justify relief under Rule 60(b). Regarding the due process claim, as the court explained in its March 30, 2022 order, "[i]t is well established that the Constitution does not guarantee any postconviction process, much less specific rights during a postconviction hearing." Flores-Ramirez, 811 F.3d at 866. While the petitioner cites to cases concerning the constitutionality of mandatory presumptions of intent, dkt. no. 14 at 4-6, he has not shown that this court erred by concluding that his due process claim—that the Wisconsin Court of Appeals violated his due process rights by "arbitrarily and capriciously" applying state and federal law to the facts of his case—isn't cognizable on federal *habeas* review.

While the petitioner states that the court overlooked the fact that his equal protection claim "is tied to the common core of operative facts presented in the original petition," Rule 2 of the Rules Governing Section 2254 Cases states that the petition must "state the facts supporting each ground." The petitioner cannot allege pages of facts and argue that that those facts, as a whole, support each ground for relief. Putting that problem aside, the petitioner's motion does not explain how the court erred by concluding that his claim ultimately amounts to a disagreement with the court of appeals' 2019 application of state law regarding jury instructions for lesser included offenses.

See Dkt. No. 12 at 10. The petitioner maintains that the court of appeals violated the Equal Protection Clause by applying different legal standards to similarly situated defendants. Id. at 8. The petitioner did not make this argument in his original petition and he cannot use a motion for reconsideration to advance this argument for the first time. Woods, 725 F. Supp. 2d at 825.

Even if the petitioner had addressed this issue in the petition, the court still would have dismissed it. An error in a state collateral review can form the basis for federal *habeas* relief only when it "violates some independent constitutional right, such as the Equal Protection Clause." Flores-Ramirez, 811 F.3d 861 at 865 (quotation omitted). For example, in Lane v. Brown, the Supreme Court held that when a state prevented a criminal defendant from accessing a state postconviction proceeding based on his indigency, it violated the Equal Protection Clause. Lane, 37 U.S. 477, 484-85 (1963). Here, the petitioner doesn't assert that he was denied access to state post-conviction proceedings; he contends that the court of appeals' postconviction proceeding violated his constitutional rights by incorrectly applying a presumption of intent. The petitioner's claim that the court of appeals, on collateral review, applied an incorrect presumption does not present an *independent* constitutional violation, and is not cognizable on federal *habeas* review. See, e.g., Flores-Ramirez, 811 F.3d at 866 (petitioner's claim that he did not receive a fair hearing on his post-conviction motion did not allege a violation of some

other, independent constitutional right in the way the State administered its post-conviction proceedings).

## III. Conclusion

The court **DENIES** the petitioner's motion to reconsider/amend. Dkt. No. 14.

Dated in Milwaukee, Wisconsin this 5th day of December, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**