UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MYRON A. GLADNEY,

        Petitioner,

  v.                                     Case No. 21-cv-606-pp

WILLIAM POLLARD,

        Respondent.

**ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 17) AND DENYING AS MOOT PETITIONER'S SECOND MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT NO. 22)**

On March 30, 2022, the court dismissed the petition for writ of *habeas corpus* under 28 U.S.C. §2254 and declined to issue a certificate of appealability. Dkt. No. 12. The court entered judgment the same day. Dkt. No. 13. On April 21, 2022, the petitioner filed a motion to reconsider. Dkt. No. 14. The court denied that motion on December 5, 2022. Dkt. No. 15. On December 28, 2022, the petitioner filed a notice of appeal. Dkt. No. 16. The same day, the petitioner filed a motion for leave to appeal without prepaying the filing fee. Dkt. No. 17. On January 3, 2022, the petitioner filed a second motion for leave to appeal without prepaying the filing fee. Dkt. No. 22. The second motion provides the same information included in the petitioner's original motion. The court will deny the second motion as moot and treat the first motion as the operative motion.

1

Under Federal Rule of Appellate Procedure 24(a), a district court may allow an appellant to proceed without prepaying the appellate filing fee if it finds the appellant to be indigent and the appeal to be taken in good faith. Fed. R. App. P. 24(a)(3). Because the Prison Litigation Reform Act does not apply to *habeas* cases, Walker v. O'Brien, 216 F.3d 626, 634 (7th Cir. 2000), the court decides whether a *habeas* appellant is indigent by relying on the information the petitioner provides in his affidavit of indigence. See Martin v. United States, 96 F.3d 853, 855-56 (7th Cir. 1996). As for good faith, a district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involved "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962).

The petitioner's affidavit of indigence states that he has $0 in monthly income and no assets. Dkt. No. 17 at 1-2. The affidavit lists $0 in monthly expenses. Dkt. No. 17 at 5. According to the petitioner's trust account statement, however, as of December 19, 2022, the petitioner had $862.64 in his account. Dkt. No. 23 at 1. The trust account statement shows that between June 19, 2022 and December 19, 2022, the petitioner had an average monthly balance of $854.73. Id. The trust account statement shows that during this same period, the petitioner received average monthly deposits of $57.77. Id.

The $862.64 the petitioner has in his prison account is sufficient to allow him to pay the $505 filing fee. Even if the petitioner has taken his appeal in good faith, the court cannot conclude that he is indigent. The court will deny the motion for leave to appeal without prepaying the filing fee. The petitioner must pay the filing fee if he wants to proceed with his appeal.

The court **DENIES** the petitioner's motion for leave to appeal without prepaying the filing fee. Dkt. No. 17.

The court **DENIES AS MOOT** the petitioner' second motion for leave to appeal without prepaying the filing fee. Dkt. No. 22.

The court **ORDERS** that the petitioner must pay the $505 filing fee in time for the court to *receive it* by the end of the day on **February 3, 2023**. If the court does not receive the filing fee by the deadline, the Court of Appeals may dismiss his appeal.

Dated in Milwaukee, Wisconsin this 11th day of January, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**